# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### FORT WORTH DIVISION

| | | |
|---|---|---|
| **DAVID C. JENKINS,** | § | |
| **(BOP No. 09013-078),** | § | |
| **Plaintiff,** | § | |
| **V.** | § | **CIVIL ACTION NO. 4:18-CV-918-P** |
| | § | |
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| **Defendant.** | § | |

## MEMORANDUM OPINION AND ORDER

This case is before the Court for review of pro-se inmate/Plaintiff David C. Jenkins's

claim under the Federal Tort Claims Act (FTCA) against the United States of America (USA).

Before the Court is the United States of America's motion for summary judgment, along with

its brief and appendix in support. USA Mot. for Summ J, ECF No. 20; USA Brief, ECF No.

21; USA App., ECF No. 22-1. Plaintiff filed a response to the motion for summary judgment

(ECF No. 32) and the USA filed a reply (ECF No. 33). After review and consideration of the

summary judgment motion, supporting documents, Jenkins's  response, USA's reply, the

record, and the applicable law, the Court concludes that the USA's motion for summary

judgment should be and is hereby **GRANTED.**

## BACKGROUND

Plaintiff Jenkins, an inmate at the Bureau of Prisons' ("BOP") FMC-Fort Worth[1]

---

[1]During some of the time periods underlying Plaintiff's claims in this suit, the Fort
Worth facility was designated as Federal Correctional Institution-Fort Worth ("FCI-Fort
Worth") but in 2017 was re-designated as Federal Medical Center-Fort Worth ("FMC-Fort
Worth"). The Court will use FMC-Fort Worth throughout this order.

facility, filed an original complaint naming the USA and asserting claims under the FTCA arising from the medical care provided to him. Compl. 1–10, ECF No. 1. The USA filed an answer, and the Court issued a scheduling order. ECF Nos. 13, 15. Consistent with that schedule, the USA filed the motion for summary judgment, which is now ripe.

Jenkins complains and alleges that the BOP medical staff and outside medical providers committed medical malpractice by not providing (1) hernia-repair surgery in a timely manner and (2) proper follow up care after he had the surgery. Complaint 4–9, ECF No. 1. Jenkins's factual allegations begin while he was housed at FCI-Beaumont in Beaumont, Texas from December 2012 until February 2014, when he was transferred into FMC-Fort Worth. Complaint 3, ECF No. 1. Jenkins's chronology of events continues at FMC-Fort Worth until June 2014, when he was transferred out of FMC-Fort Worth for a 10-month period while on a writ. He returned to FMC-Fort Worth on April 16, 2015, and his complaints regarding the scheduling of his hernia operation, the operation, and post-surgery procedures and medical care continued until August 2017. Reply 4–5, ECF No. 32.

## SUMMARY JUDGMENT EVIDENCE

As noted, the USA filed an appendix in support of the motion for summary judgment that includes a total of 169 pages of records. ECF No. 22-1. The appendix includes the August 5, 2019 Declaration of FMC-Fort Worth Assistant Health Service Administrator Stephanie Long with records of Jenkins designation and sentence computation information (Attachments One and Two); 121 pages of medical records for inmate Jenkins (Attachment Three); and BOP Memorandums regarding Elective Medical Care (Attachments Four and

Five). USA's MSJ App. 3–147, ECF No. 22-1. The appendix also includes the August 2, 2019 Declaration of BOP Information Specialist Brenda Victor with copies of records of Jenkins's administrative tort claim, and the Declarations of (1) FCI-Beaumont Business Administrator Dennis Sherrill, (2) FCI-Beaumont Contract Specialist Dawn Page, and (3) FMC-Fort Worth Business Administrator Jason Noel. USA App. 148–169, ECF No. 22-1. Jenkins declared his complaint in this matter to be "true and correct" and made "under penalty of perjury." Complaint 10, ECF No. 1. The Court considers the complaint as competent summary-judgment evidence in resolving the summary judgment motion. *See Barnes v. Johnson,* 204 F. App'x 377, 378 (5th Cir. 2006) (citing *King v. Dogan,* 31 F.3d 344, 346 (5th Cir. 1994) a plaintiff's verified complaint may serve as competent summary judgment evidence); *see also Hart v. Hairston*, 343 F.3d 762, 765 (5th Cir. 2003) (citing *Huckabay v. Moore,* 142 F.3d 233, 240 n. 6 (5th Cir. 1998)); *see generally Nissho-Iwai American Corp. v. Kline,* 845 F.2d 1300, 1306 (5th Cir. 1989) (noting that the statutory exception in 28 U.S.C. § 1746 permits unsworn declarations to substitute for an affidavit if made "under penalty of perjury" and verified as "true and correct").

The USA has presented a lengthy history related to what Jenkins's medical records in the USA Appendix (ECF No.22-1, pages 19-139) reveal regarding the medical care provided to Jenkins during the relevant time periods made the basis of the complaint. Resp. 6–13, ECF No. 21. Other than reciting a "Summary of Events" in his reply, Jenkins has not come forward with any evidence to contest the Defendant's summary judgment motion. Repy 4, ECF No. 32. As explained in detail in the analysis section below, however, because all of

Jenkins's medical care claims for relief under the FTCA can be resolved on a legal ground, the Court does not include a restatement of a factual chronology.

## SUMMARY JUDGMENT STANDARD

When the record establishes "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law," summary judgment is appropriate. Fed. R. Civ. P. 56(a). "[A dispute] is 'genuine' if it is real and substantial, as opposed to merely formal, pretended, or a sham." *Bazan v. Hidalgo Cty.*, 246 F.3d 481, 489 (5th Cir. 2001) (citation omitted). A fact is "material" if it "might affect the outcome of the suit under governing law."*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

To demonstrate that a particular fact cannot be genuinely in dispute, a defendant movant must cite to particular parts of materials in the record (e.g., affidavits, depositions, etc.), or show either that (1) the plaintiff cannot produce admissible evidence to support that particular fact, or (2) if the plaintiff has cited any materials in response, show that those materials do not establish the presence of a genuine dispute as to that fact. Fed. R. Civ. P. 56(c)(1). Although the Court is required to consider only the cited materials, it may consider other materials in the record. *See* Fed. R. Civ. P. 56(c)(3). Nevertheless, Rule 56 "does not impose on the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment. . . ." *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915 & n.7 (5th Cir. 1992). Instead, parties should "identify specific evidence in the record, and . . . articulate the 'precise manner' in which that evidence support[s] their claim." *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994) (citing *Topalian v. Ehrman*, 954 F.2d 1125, 1131

(5th Cir. 1992) (other citation omitted)). In evaluating whether summary judgment is appropriate, the Court "views the evidence in the light most favorable to the nonmovant, drawing all reasonable inferences in the nonmovant's favor." *Sanders-Burns v. City of Plano*, 594 F.3d 366, 380 (5th Cir. 2010) (citation omitted) (internal quotation marks omitted). "After the non-movant [here, Jenkins] has been given the opportunity to raise a genuine factual [dispute], if no reasonable juror could find for the non-movant, summary judgment will be granted." *Byers v. Dallas Morning News, Inc.*, 209 F.3d 419, 424 (5th Cir. 2000) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).

## ANALYSIS

### A.     Expert Testimony Required to Support Medical Negligence Claims

Jenkins alleges negligence under the FTCA on the part of BOP medical staff and outside contractors with FCI-Beaumont by failing to provide surgery for his hernia condition, and negligence on the part of FMC-Fort Worth medical staff and outside contractors for delaying in providing a hernia surgery procedure, and then failing to provide adequate follow-up care after his surgery procedure. Complaint 8–9, ECF No. 1. He alleges that the failure to provide proper medical treatment for his hernia condition amounted to a breach of the duty of care that proximately caused him to sustain damages compensable under the FTCA, 28 U.S.C. § 2674. *Id.*

The FTCA authorizes civil actions for damages against the United States for personal injury caused by the negligence of government employees when private individuals would be liable under the substantive law of the state in which the negligent acts occurred. *See* 28

U.S.C.A. § 1346(b)(1) (West 2019); 28 U.S.C.A. § 2674 (West 2019); *see also Quijano v. United States*, 325 F.3d 654, 567 (5th Cir. 2003). Jenkins complains of alleged medical negligence occurring at FCI-Beaumont and FMC-Fort Worth in Texas, so Texas law applies to Jenkins's FTCA claims. *See Ayers v. United States*, 750 F.2d 449, 452 n.1 (5th Cir. 1985) ("Under the [FTCA], liability for medical malpractice is controlled by state law.").

In Texas, "health care liability claims are subject to strict pleading and proof requirements." *N. Am. Specialty Ins. Co. v. Royal Surplus Lines Ins. Co.*, 541 F.3d 552, 561 (5th Cir. 2008) (citing Tex. Civ. Prac. & Rem. Code §§ 74.001–507). Particular to the medical negligence context, under Texas law the plaintiff bears the burden of proving four elements: (1) a duty by the physician or hospital to act according to an applicable standard of care; (2) a breach of that standard of care; (3) injury; and (4) a causal connection between the breach of care and the injury. *See Hannah v. United States*, 523 F.3d 597, 601 (5th Cir. 2008) (citing *Quijano*, 325 F.3d at 564-567); *see also Bryan v. Sherick*, 279 S.W. 3d 731, 732-33 (Tex. App.--Amarillo 2007, no pet) and *Denton Reg. Med. Ctr. V. LaCroix*, 947 S.W. 2d 941, 950 (Tex. App.-Fort Worth 1997, no writ). As a threshold issue, a plaintiff must establish the standard of care before the fact finder may consider whether the defendant breached the standard of care or if such a breach constituted negligence. *Hannah*, 523 F.3d at 601; *Denton Reg. Med. Ctr.*, 947 S.W.2d at 950. A Plaintiff must therefore prove how a reasonably careful and prudent physician would have acted under the same or similar circumstances. *See Hood v. Phillips*, 554 S.W. 2d 160, 165-66 (Tex. 1977). Texas law imposes a presumption that the health-care provider has discharged his duty of care. *Thomas v. Beckering*, 391 S.W. 2d 771,

775 (Tex. Civ. App.--Tyler 1965, writ ref'd n.r.e.); *Shevack v. United States*, 528 F. Supp. 427, 431 (N.D. Tex. 1981). A physician is not a guarantor of a cure, and negligence is not imputed from an unsatisfactory outcome. *See Hunter v. Robison*, 488 S.W. 2d 555, 560 (Tex. Civ. App.--Dallas 1978, writ ref'd n.r.e.); *Beckering*, 391 S.W. 2d at 775. Defeating the presumption of proper care requires affirmative proof of negligence and proximate cause. *Williford v. Banowsky*, 563 S.W. 2d 702, 705 (Tex. Civ. App.--Eastland 1978, writ ref'd n.r.e.).

Expert testimony is required when the alleged negligence is "of such a nature as not to be within the experience of the layman." *FFE Transp. Serv., Inc. V. Fulgham*, 154 S.W.3d 84, 90 (Tex. 2004) (quoting *Roark v. Allen*, 633 S.W.2d 804, 809 (Tex. 1982)) (other citations omitted). Particular to the medical context, expert testimony is required to establish the applicable standard of care "unless the mode or form of treatment is a matter of common knowledge or is within the experience of the layman . . . ." *Hannah*, 523 F.3d at 601 (quoting *Hood,* 554 S.W. 2d at 165-66). The Plaintiff must similarly offer expert testimony on the issue of causation. *See Jelinek v. Casas*, 328 S.W. 3d 526, 533 (Tex. 2010) ("[T]he plaintiff must establish two causal nexuses in order to be entitled to recovery: (a) a causal nexus between the defendant's conduct and the event sued upon; and (b) a causal nexus between the event sued upon and the plaintiff's injuries"); *see also Arlington Memorial Hosp. Found., Inc., v. Baird,* 991 S.W. 2d 918, 922 (Tex. App.--Fort Worth 1999, pet. denied) (citation omitted). A plaintiff must establish causation beyond the point of conjecture, and proof of mere possibilities does not support submission of the issue to a fact finder. *Jelinek* 328 S.W. 3d

at 537. In this regard, "mere speculation or conjecture is not sufficient to establish [a] causal connection between a defendant's conduct and the plaintiff's injuries." *Martin v. Durden,* 965 S.W.2d 562, 567 (Tex. App.--Houston [14th Dist.] 1997 writ denied) (citation omitted). In sum, an expert must explain, to a reasonable degree of medical probability, how and why the alleged negligence caused the injury based on the facts presented. *Jelinek*, 328 S.W. 3d at 539-40.

### B. Failure of Jenkins to Provide Expert Support for his Claim

The USA moves for summary judgment, in part, on the basis that Jenkins has not provided expert testimony to establish the particular standard of care and whether he sustained injury resulting from a breach of that standard. After rejecting Jenkins's motion for appointment of an expert as not authorized under Federal Rule of Evidence Rule 706, and even though the Court provided Jenkins extensions of time to respond to the USA's summary judgment motion, Jenkins has not named an expert or sought an extension of time to name any expert. Resp. 10, ECF No. 32. Thus, Jenkins has not met the requirements of relevant Texas state law as he has not provided any expert testimony to support the required elements of a medical negligence claim. Pro se plaintiffs are not excused from the expert requirement. *See Hannah*, 523 F.3d at 599, 601-02.

Jenkins cannot escape the burden to prove the medical care providers' duty to act according to an applicable standard of care for the treatment of a hernia condition; a breach of that standard of care; an injury; and a causal connection between the breach of care and the injury. *See generally id.* at 601. Jenkins has not shown—and cannot show—that the

medical standard of care and the issues of breach and causation regarding the treatment of the medical conditions detailed in his pleadings are matters of common knowledge or within the general experience of a lay person, so as to excuse the requirement to provide evidence in the form of expert testimony. *See Anderson v. United States*, 388 F. App'x 406, 407 (5th Cir. 2010) (affirming district court's grant of summary judgment on inmate prisoner's claim that the BOP negligently delayed his hernia-repair surgery where plaintiff failed to produce expert testimony and noting "the mode of treatment for an inguinal hernia is not a matter of common knowledge or within the general experience of a layman"); *see also Morgan v. United States*, No.5:17-CV-602-OLG, 2018 WL 5733164, at *2 (W.D. Tex. Sep. 5, 2018) ("The standard of care applicable to a surgeon receiving a patient's informed consent for, or conducting, umbilical hernia surgery is not a "matter within the common knowledge of within the experience of a layman") (citation omitted); *Massey v. United States*, 312 F.3d 272, 281 (7th. Cir. 2002) (affirming summary judgment on prisoner's claim alleging negligence in following physician's directions after hernia surgery because "[i]t was incumbent upon [the prisoner] to substantiate his allegations . . . through expert testimony"). Jenkins cannot show that the layman exception applies to determine whether a hernia condition requires surgery and the appropriate post-operative care for hernia surgery.

Moreover, Jenkins acknowledges in his complaint that he was informed by one of his surgeons that "he was a difficult case because of his complicated cardiac history and the fact that the Plaintiff has a genetic abnormality (Marfans)." Complaint 3, ECF No. 1. Indeed, an assessment in Jenkins's medical record also noted aortic valve disorder, atrial fibrillation,

congestive heart failure, and hypertension. USA App 23–24, ECF No. 22-1. The appropriate medical protocol to manage a patient such as Jenkins's multiple chronic medical conditions, while avoiding negative interactions that possible treatments could have, is outside the provisions of lay knowledge. *Cf. Wooderts v. United States*, No.4:18-CV-773-A, 2019 WL 1431098, at *2 (N.D. Tex. Mar. 29, 2019) (granting the government's motion for summary judgment where inmate plaintiff, who "suffers from a number of medical issues," designated no expert). That Jenkins believes BOP medical staff should have treated him differently is not evidence that the treatment he received fell below the appropriate standard of care. *See generally Kennedy v. United States*, No.00-51006, 2001 WL 822793, *1 (5th Cir. 2001) (former inmate's conclusory assertions of negligence in the medical treatment he received were insufficient to carry his summary-judgment burden) (unpublished); *Martinez v. Griffin*, 840 F.2d 314, 315 (5th Cir. 1988) (noting that it is not for federal courts to second-guess what is an "obviously careful diagnosis and adequate medical treatment").

Because Jenkins failed to designate an expert who would provide evidentiary support for his medical negligence claims, he is unable to establish the standard of care or breach of that standard regarding the treatment while he was housed at FCI-Beaumont and while housed at FMC-Fort Worth for his particular hernia condition. *See generally Hannah*, 523 F.3d at 602 (affirming district court's summary judgment in favor of defendant where inmate plaintiff did not designate or hire an expert to testify regarding the applicable standard of care and how the care received breached that standard); *Hibbs v. United States*, No. 3:11-CV-2601-N-BH, 2013 WL 4434800, at *5 (N.D. Tex. Aug. 19, 2013) (granting summary judgment because

inmate plaintiff did not designate an expert in medical malpractice claim). Jenkins cannot

defeat summary judgment "with conclusory allegations, unsubstantiated assertions or 'only

a scintilla of evidence.'" *Hathaway v. Bazany*, 507 F.3d 312, 319 (5th Cir. 2007) (citations

omitted). As Jenkins has failed to provide expert testimony regarding the elements of his tort

claim, he cannot create a material fact issue on whether the medical providers at FCI-

Beaumont or FMC-Fort Worth breached a duty that proximately caused his medical related

injuries. The USA is entitled to summary judgment on Plaintiff's claim for relief under the

FTCA.[2]

## CONCLUSION

For the reasons discussed herein, it is therefore **ORDERED** that the USA's motion

for summary judgment (ECF No. 20) is **GRANTED,** such that David C. Jenkins's claims

against the United States of America are **DISMISSED WITH PREJUDICE.**

**SO ORDERED** on this **17th day** of **December, 2019**.


Mark T. Pittman
UNITED STATES DISTRICT JUDGE

---

[2]In addition to the argument that Jenkins cannot establish his medical negligence claims under the FTCA without support of an expert to establish duty, breach of duty and causation, the USA also argues that (1) Jenkins claims are barred, in part, by the statute of limitations applicable to actions under the FTCA, and (2) that the USA cannot be liable for negligent medical treatment provided by independent contractors. USA Brief 15–21, ECF No. 21. Because the USA's defense that Jenkins cannot establish any of his medical negligence claims without the support of an expert is dispositive of all of Jenkins's FTCA claims in this case, the Court does not reach these alternative arguments.